UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROBIN PLUMMER

      Plaintiff,

-v-

THE HARTFORD LIFE INSURANCE CO.,

      Defendant.

Case No. C-3-06-094

Judge Thomas M. Rose

_____

ENTRY AND ORDER GRANTING PLAINTIFF'S MOTION FOR
ATTORNEY FEES AND COSTS (Doc. #22) TOTALING $13,359.50
_____

      This is an ERISA action brought by Robin Plummer ("Plummer"), a plan participant, for reinstatement of long-term disability benefits under a group long-term disability policy provided by Plummer's former employer. Plummer was initially granted long-term disability benefits by Continental Casualty Company ("CNA") who administered the long-term disability policy until late 2003. In late 2003, Defendant The Hartford Life Insurance Company ("Hartford") assumed responsibility for administering the long-term disability policy. Hartford terminated Plummer's long-term disability benefits in February of 2005. Plummer unsuccessfully appealed to Hartford and subsequently filed the Complaint that is the subject of this action.

      Based upon the Briefs of the Parties, the Administrative Record and a de novo review, this Court determined that Plummer was entitled to long-term disability benefits. Hartford was ordered to provide long term disability benefits to Plummer for as long as Plummer remains disabled under the terms of the long-term disability policy. Plummer was given until not later than thirty days following entry of the Order granting her benefits to submit a motion requesting attorneys' fees and other benefits to which she may be entitled. It is this motion that is now

before the Court.

Plummer's Motion for Attorney Fees and Costs (doc. #22) was timely filed and is now fully briefed. The standard of review will first be set forth followed by an analysis of Plummer's motion.

## STANDARD OF REVIEW

Plummer's action is for recovery of benefits under an ERISA plan. The district court has discretion to award reasonable attorney's fees and costs to either party in such an action. 29 U.S.C. § 1132(g)(1).

Courts in the Sixth Circuit use the five-factor *King* test to assess whether attorney's fees should be awarded. *Moon v. Unum Provident Corp.*, 461 F.3d 639, 642 (6th Cir. 2006). The five factors are: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *Id.* (citing *First Trust Corp. v. Bryant*, 410 F.3d 842, 851 (6th Cir. 2005)).

There is no presumption that attorney's fees will be awarded. *Id.* at 643. Further, no single factor is determinative, the factors are not statutory and the factors are typically not dispositive. *Id.* Finally, a panel of the Sixth Circuit has held that ERISA does not authorize recovery of attorney's fees for work performed during the administrative exhaustion phase of a benefits proceeding. *Anderson v. Procter & Gamble Co.*, 220 F.3d 449, 456 (6th Cir. 2000); *see also Cann v. Carpenters' Pension Trust Fund for Northern California*, 989 F.2d 313 (9th Cir.

1993).

## ANALYSIS

Plummer now seeks an award of attorney's fees in the amount of $15,436.50 and costs in the amount of $250.00.  (Doc. #22.) The amount for attorney's fees includes $609.75 for preparation of a reply brief.

Hartford responds that Plummer is entitled to a reasonable amount of attorney's fees and costs but is not entitled to attorney's fees for services that were apparently rendered in the course of Plummer's administrative appeal to Hartford. The analysis of Plummer's request begins with a discussion of each of the *King* factors.

### Degree of Hartford's Culpability Or Bad Faith

This Court found that Plummer is both physically and psychologically disabled in accordance with the applicable policy and that Hartford's decision to terminate Plummer's long-term disability benefits was not well founded. In terminating Plummer's benefits, Hartford relied upon at least three flawed medical opinions and upon Plummer's activity in video tapes that did not represent the activity required to perform Plummer's occupation. Plummer had been found to be disabled by several doctors, the Social Security Administration and CNA, Hartford's predecessor.

Also, in the process of arguing to the Court, Hartford made several misstatements of the law or facts including: the law regarding the standard of review, the Policy requirements, the existence of an annual review process, the name of an individual that allegedly witnessed the surveillance, the absence of evidence in the Administrative Record supporting a finding of disability, the length of time Plummer is seen running errands in the video. Hartford also

provided an incomplete administrative record.

On the basis of these findings, Hartford's conduct in this case was, at best, highly culpable. The first relevant King factor weighs heavily in favor of an award of attorney's fees and costs to Plummer.

<u>Hartford's Ability To Satisfy an Award of Attorney's Fees</u>

Plummer argues that Hartford is a very large corporation with a 2005 income of $2.3 billion. This is not disputed by Hartford. Therefore, Hartford has the ability to satisfy the requested attorney's fees and costs. This factor weighs in favor of an award of attorney's fees and costs to Plummer.

<u>The Deterrent Effect of an Award of Attorney's Fees</u>

Hartford's conduct in this case was highly culpable. Further, the need to deter Hartford and other insurance companies from denying benefits on the basis of a perfunctory analysis is strong. *See Crider v. Highmark Life Insurance Co.*, No. 1:05-cv-660, 2006 U.S. Dist. LEXIS 84564 at *5 (W.D.Mich. Nov. 21, 2006). "If the only consequence of an arbitrary denial of benefits is the chance of being sued and a possibility of reinstatement of benefits at some future date, insurance companies with this strong conflict of interest will have little incentive to adhere to their fiduciary obligations." *Id.*

Therefore, an award of attorney's fees in this case should create an incentive for Hartford and other insurance companies to direct their claims administrators to act carefully and reasonably and to present cases to the court that are complete and do not include misstatements of facts or the law. This factor weighs in favor of an award of attorney's fees and costs to Plummer.

<u>Whether Plummer Sought To Confer a Common Benefit Or Resolve Significant Legal Questions</u>

Plummer indicates that she only sought to restore benefits for herself and not for other plan beneficiaries. Also, no significant legal issues were raised. Therefore, this factor does not weigh in favor of an award of attorney's fees and costs.

<u>The Relative Merits of the Parties' Positions</u>

This factor is closely related to the first *King* factor. Not only did Hartford engage in highly culpable conduct with regard to its decision to terminate Plummer's long-term disability benefits, it vigorously defended its decision by misstating the law and the facts relating to this case, including the policy language. Most importantly, Hartford's position lacked merit. Therefore, this factor weighs in favor of an award of attorney's fees and costs to Plummer.

<u>Conclusion Regarding an Award of Attorney's Fees and Costs</u>

In conclusion, four of the five King factors weigh in favor of an award of attorney's fees and costs to Plummer. Even apart from the King factors, equity favors an award of attorney's fees and costs. Plummer was forced to retain counsel to overturn an indefensible denial of benefits and Hartford vigorously contested Plummer's claim. Equity and the weight of the King factors indicates an award of attorney's fees costs and no substantial reason has been given to deny the application for attorney's fees and costs. The analysis next turns to the amount of attorney's fees and costs to be awarded.

<u>Calculation of Reasonable Attorney's Fees and Costs</u>

Plummer seeks $250.00 in costs for the filing of her Complaint. Hartford does not oppose this cost and it will be awarded.

Plummer initially sought attorney's fees in the amount of $14,826.75. She then sought an

-5-

additional $609.75 for preparation of the reply to her request for attorney's fees.

Federal courts generally follow the "lodestar" approach when assessing the reasonableness of the amount of attorney's fees requested in ERISA cases. *Crider*, 2006 U.S. Dist. LEXIS 84564 at *11 (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). The "lodestar" amount is a reasonable number of hours multiplied by a reasonable hourly rate. *Id.* (citing *Hensley*, 461 U.S. at 433).

The reasonable hourly rate is the prevailing market rate in the relevant community "which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Id.* at *12 (quoting *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)). In this case, Plummer is seeking $200 per hour for attorney Alfred Wm. Schenble III, $175 per hour for attorney William O. Cass, Jr. and $85 per hour for paralegal time.

Plummer has submitted the Affidavit of attorney R. Casey Dagenhardt who attests that these rates for attorneys are consistent with the prevailing rate in Dayton, Ohio, charged by attorneys with comparable experience and that the paralegal rate is also consistent with what is charged by other attorneys in the community. Further, Hartford does not challenge these rates. Therefore, the hourly rates are reasonable.

The final issue, then, is the reasonableness of the number of hours. Plummer seeks an award of attorney's fees for 99.70 hours expended prior to the preparation of her reply and 4.05 hours expended for the preparation of her reply.

The number of hours being sought is challenged by Hartford. Hartford argues that Plummer has requested attorney's fees for $2,077 for services that apparently were rendered in

the course of Plummer's administrative appeal to Hartford and that the cost of these services cannot be recovered under 29 U.S.C. § 1132(g)(1). The services that Hartford wishes to exclude are those prior to the item "review of policy, begin complaint."

Hartford's argument is based upon a Sixth Circuit panel's opinion in *Anderson*. In *Anderson*, a benefit recipient brought suit against the insurer seeking to recover the cost of legal assistance during her administrative appeal. *Anderson*, 220 F.3d at 449. The Sixth Circuit panel specifically held that , "[b]ecause Anderson did not file a civil action for any of the reasons set forth in § 1132(a), but filed suit only to recover attorneys' fees for legal work performed during her administrative claims proceeding, we find that § 1132(a) does not permit her to recover her costs." *Id.* at 452.

Plummer responds that Anderson is distinguishable from this case because, in this case, she brought suit to recover ERISA benefits pursuant to § 1132(a) while Anderson brought suit only to recover attorneys' fees. Plummer also cites three cases in which she says courts have awarded attorney's fees for both the administrative and litigation phases.

While the basis of the underlying suits in this case and *Anderson* may differ, the reasoning in *Anderson* applies to both. The court in *Anderson* addressed whether § 1132(g) permits a party to recover attorney's fees for legal services rendered during an administrative claims proceeding. *Anderson*, 220 F.3d at 452. It analyzed, with favor, *Cann* wherein the Ninth Circuit was addressing § 1132(g) in a case where a party had brought a claim pursuant to § 1132(a) that was subsequently settled with an agreement that attorney's fees would be litigated. *Cann*, 989 F.2d at 314.

The Sixth Circuit panel in *Anderson* also analyzed two Supreme Court cases -

-7-

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986) and

*Sullivan v. Hudson*, 490 U.S. 877 (1989) - in which the Supreme Court supported an award of

attorney's fees. However, in both cases, attorney's fees were awarded for administrative

activities that took place after a complaint was filed and under the auspices of a federal court.

*Anderson*, 220 F.3d at 453-55. The Sixth Circuit panel determined that neither *Delaware Valley*

nor *Sullivan* were applicable to a situation where attorney's fees are sought for administrative

activities prior to the filing of a complaint. *Id.* at 454.

Plummer cites three cases for the proposition that she should be entitled to attorney's fees

for the administrative phase. Each will be addressed seriatim.

Plummer first cites *Hedley-Whyte v. Unum Life Insurance Company of America*, No.

CIV.A. 94-11731-GAO, 1996 WL 208492 (D.Mass. Mar. 6,1996). In *Hedley-Whyte*, the District

Court for the District of Massachusetts addressed whether the plaintiff was entitled to attorney's

fees following the defendant's initial refusal and subsequent agreement to pay contested benefits

from an ERISA plan. The district court awarded fees for all of the legal phase and some, but not

all, of the administrative phase. The district court then reduced the remaining fees by 65% due to

other circumstances including duplication and excess of effort, time spent on claims not related

to plaintiff's recovery, plaintiff's attorneys' own contribution to the delay in settlement of the

case, and occasional deficiencies in the time sheets provided. 1996 WL 208492 at * 6.

The Massachusetts District Court reasoned that some of the attorney's fees incurred

during the administrative phase should not be awarded because they were not sufficiently related

to the claim to warrant any fee shifting. *Id.* at *4. No mention is made of § 1132(g), the statute

authorizing the fees.

-8-

This opinion is unclear as to how an award of some, but not all, of the attorney's fees relates to the requirements of § 1132(g). Further, while this authority may be persuasive, it is not mandatory in the Sixth Circuit.

The second case cited by Plummer is *Sullivan*, the same Supreme Court case cited by the Sixth Circuit panel in *Anderson*. However, Sullivan is not persuasive here because it entailed an award of attorney's fees for time spent during administrative proceedings held pursuant to an order remanding the action to the Secretary of Health and Human Services. 490 U.S. at 877. Attorney's fees were not awarded in *Sullivan* for time spent prior to coming into court.

The third case cited by Plummer is *Kohrn v. Citigroup*, No. 3:04 CV 7553, 2006 U.S. Dist. LEXIS 11691 (N.D.Ohio Mar. 21, 2006). In *Kohrn*, the District Court for the Northern District of Ohio awarded attorney's fees for work performed during the administrative phase of an ERISA proceeding.

The District Court said that, "as a general principle, fees for the ordinarily short administrative process might not be appropriate. *Id.* at *17. However, the plaintiff in *Kohrn* did not prevail in her administrative proceedings and "had to fight long and hard just to get the defendant to look at her appeal, an appeal which, ultimately, the defendants simply allowed to languish." *Id.* at *17. The District Court also distinguished *Kohrn* from *Anderson* because the plaintiff in *Anderson* only sought attorney's fees and *Kohrn* filed her lawsuit to recover benefits. *Id.* at *18.

While *Kohrn* may be persuasive, it is not mandatory precedent for this Court. Also, the facts in *Kohrn* are not the same as the facts in this case. In this case, Hartford did not allow Plummer's appeal to languish until after she filed a lawsuit.

In sum, while Plummer has identified some authority for the award of attorney's fees for work performed during the administrative phase of an ERISA proceeding, the applicability of the holdings in the cases cited to this case is questionable at best and two of the cases cited are not mandatory precedent for this Court.

The mandatory precedent set forth by the Sixth Circuit panel in *Anderson* will be followed. Plummer will not be awarded attorney's fees for work performed during the administrative phase of her ERISA proceeding.

## CONCLUSION

Plummer has requested a total of $15,436.50 in attorney's fees. Of that amount, $2,077.00 was expended during the administrative phase and will be subtracted. Plummer's award of attorney's fees, therefore, totals $13,359.50. This amount added to costs of $250.00 entitles Plummer to a total amount of $13,609.50.

Plummer's Motion for Attorney Fees and Costs (doc. #22) is GRANTED. Plummer is awarded a total of $13,609.50 for attorney's fees and costs. The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

DONE and **ORDERED** in Dayton, Ohio, this Fifteenth day of March, 2007.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record

-10-