UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROBIN PLUMMER

    Plaintiff,

-v-

THE HARTFORD LIFE INSURANCE CO.,

    Defendant.

Case No. C-3-06-094

Judge Thomas M. Rose

**ENTRY AND ORDER OVERRULING PLAINTIFF'S SECOND MOTION FOR ATTORNEYS' FEES AND COSTS (Doc. #36)**

Now before the Court is Plaintiff's Second Motion for Attorney Fees and Costs. (Doc. #36.) The Defendant has responded. (Doc. # 37.) Plaintiff has not replied and the time has run for filing a reply. Plaintiff's Motion is, therefore, ripe for decision.

This was an ERISA action brought by Plaintiff Robin Plummer ("Plummer"), a plan participant, for reinstatement of long-term disability benefits under a group long-term disability policy provided by Plummer's former employer. In late 2003, Defendant The Hartford Life Insurance Company ("Hartford") assumed responsibility for administering the long-term disability policy.

Hartford terminated Plummer's long-term disability benefits in February of 2005. Subsequently, this Court determined that Plummer was entitled to long-term disability benefits, and Hartford was ordered to provide long term disability benefits to Plummer for as long as Plummer remains disabled under the terms of the long-term disability policy.

In addition, Plummer was given thirty days to submit a motion requesting attorneys' fees which she did. Plummer's Motion for Attorney Fees and Costs (doc. #22) was subsequently

granted and she was awarded a total of $13,609.50. (Doc. #25.)

After this Court's determination regarding Plummer's entitlement to long-term disability benefits and this Court's determination regarding attorneys' fees and costs, Hartford appealed both. The Sixth Circuit dismissed the appeal as premature. The Parties then submitted an Agreed Judgment Entry which was subsequently amended and approved by this Court.

The Amended Agreed Judgment Entry, docketed on January 30, 2008, awards Plummer past and future long-term disability benefits and attorneys' fees and costs in the amount of $13,359.50. The Amended Judgment Entry is also a final appealable order.

On March 27, 2008, Plummer filed the Motion that is now before the Court in which Plummer seeks attorneys' fees and costs expended in addressing issues with Hartford's initial appeal. Hartford's initial appeal was dismissed and Hartford has not appealed the Amended Judgment Entry.

Plummer argues that Hartford was in bad faith in pursuing its initial appeal. Hartford responds that Plummer's Second Motion for Attorney Fees and Costs should be denied because it was not timely filed.

Fed. Rule Civ. P. 54(d)(2)(B) provides that a motion for attorneys' fees must be filed no later than fourteen (14) days after entry of judgment unless otherwise provided by statute or order of the court. *See also Miltmore Sales, Inc. v. International Rectifier, Inc.*, 412 F.3d 685, 687 (6th Cir. 2005). The Advisory Committee Notes to Rule 54 indicate that the time limits of Rule 54(d) were designed to assure that the opposing party is informed of the claim for attorneys' fees before the time for appeal has elapsed. The fourteen-day limit was introduced in large part to avoid piecemeal appeals of merits and fee questions by allowing district courts to

rule on fee applications in time for an appellate court to review both the merits and any fee decisions. *Miltmore*, 412 F.3d at 689. The Advisory Committee Notes to Rule 54 also indicate that another purpose of the fourteen-day limit is so that the trial court may resolve fee disputes while the services performed are freshly in mind. *See also Equal Employment Opportunity Commission v. International Association of Fire Fighters, Local 109*, No. C2-98-339, 2001 WL 1854317 at *2 (S.D. Ohio Oct. 4, 2001).

In this case there is no local rule which extends the time for filing a motion for attorneys' fees nor is there an applicable statutory provision. Therefore, the fourteen-day time limit applies.

The "entry of judgment" referred to in Rule 54(d)(2) is the Amended Agreed Judgment Entry which was filed on January 30, 2008. Plummer's Second Motion for Attorney Fees and Costs was filed almost two months later on March 27, 2008.

Plummer argues that she is entitled to attorneys' fees and costs because Hartford filed its initial appeal only to delay final payment to her as evidenced by the fact that Hartford did not appeal the Amended Agreed Judgment Entry. This may possibly be true. However, as a panel of the Sixth Circuit has said, "the prudent prevailing attorney, not wishing to leave the fate of her paycheck in the hands of her opponent, will file a fee application in all circumstances, fourteen days after the initial entry of judgment." *Miltmore*, 412 F.3d at 692. This Plummer's counsel did not do.

Plummer's Second Motion for Attorney Fees and Costs was not timely filed within fourteen (14) days after entry of judgment as required by Fed. R. Civ. P. 54(d)(2)(B). Therefore, it is OVERRULED.

**DONE and ORDERED** in Dayton, Ohio, this Fourth day of June, 2008.

                s/Thomas M. Rose

              _____
                THOMAS M. ROSE
             UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record